IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) |
| GREGORY T. GREEN, | ) CASE NO.  19-CR-40031-JPG-2 |
| | ) |
| Defendant. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Release (Doc. 63) filed by Defendant Gregory Green.  Defendant is charged with Conspiracy to Distribute Methamphetamine and Distribution of Methamphetamine in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(A).  On November 8, 2019, Defendant filed a written waiver of detention hearing (Doc. 46) and the Court found Defendant's waiver voluntary and counseled, accepted the waiver, and entered an Order of Detention (Docs. 45, 48).  Defendant is currently being held at the Williamson County Jail.  On April 19, 2020, Defendant filed a motion seeking release due to the COVID-19 pandemic (Doc. 63).  The Government filed a response in opposition (Doc. 64).  For the reasons discussed below, Defendant's motion for release is **DENIED**.

Defendant's motion argues he should be temporarily released because the circumstances that existed when he was ordered detained have now changed.  A "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  18 U.S.C. § 3142(i).  Defendant argues inmates may be at a heightened risk of contracting COVID-

19 should an outbreak develop. Specifically, Defendant contends he is at a higher risk for contracting the COVID-19 virus and, if contracted, a higher risk of death from said virus, because of his "age and/or medical condition for which he receives Social Security disability." Defendant proposes that, if released, he would reside at his residence in Marion, Illinois.

The Court recognizes the unprecedented magnitude of the COVID-19 pandemic. This virus is now identified as a world-wide pandemic, resulting in a declaration of a national emergency by the federal government, and state of emergency by the State of Illinois. With no known effective treatment, public health officials are urging, in the strongest possible terms, that the public should practice "social distancing," frequent and thorough hand washing, and avoidance of close contact with others.

As concerning as the COVID-19 pandemic is, consideration of detention by the Court still requires an individualized assessment of the factors identified by the Bail Reform Act, 18 U.S.C. § 3142(g): the nature and circumstances of the offense charged, including whether it involves controlled substances or firearms; the weight of the evidence against the defendant; the defendant's history and characteristics (including history relating to drug abuse, defendant's criminal history, and record of appearing at court proceedings); whether the detainee was on probation, parole, or other court supervision at the time of the alleged offense conduct; and the nature and seriousness of the danger to any person or the community posed by the defendant's release.

The Government argues Defendant stands accused of serious felony offenses and presents a danger to the community and should be detained. In support of its argument, the Government cites Defendant's criminal history which includes, among other things, multiple convictions for drug possession and theft. Additionally, the Government asserts Defendant has a history of substance abuse, he threatened a person while he was wearing a recorder, and his criminal history

includes multiple revocations of prior sentences. The Government argues based on Defendant's track record he cannot be trusted to comply with conditions of release, including avoiding illegal activity and making all court appearances.

Defendant's argument that he may be at a heightened risk of contracting COVID-19 is speculative. The Williamson County Jail is screening all those who enter the jail for COVID-19 symptoms, new inmates are kept separate from inmates already present inside the facility, increased cleaning supplies and soaps are being provided to all inmates, informational posters are in all cell blocks advising inmates of the CDC's recommendations of distancing and hand washing, and plans are in place to provide healthcare. *See* Doc. 64 at 7, *Information provided by Sgt. Chad Havens, Williamson County Jail*. There is currently no evidence of the presence of COVID-19 in the Williamson County Jail. Additionally, Defendant is 60 years old and he does not assert he suffers from any specific ailment currently recognized by the Center for Disease Control as a condition that places individuals at a much higher risk of contracting the virus.[1] While Defendant asserts inmates, generally, are at higher risk of contracting COVID-19 should an outbreak develop, this is not sufficient in light of the government's proffer that the staff at Williamson County Jail are implementing precautionary practices to protect detainees from exposure to COVID-19.

Defendant has not set forth a compelling reason such that release is currently necessary. Additionally, Defendant's proposed release plan is not sufficient to reasonably assure the safety of any other person or the community or reasonably assure Defendant's appearance. The Motion

---

[1] This includes individuals aged 65 years and older and those with serious underlying medical conditions, such as chronic lung disease or moderate to severe asthma, people with serious heart conditions, people with severe obesity and those with diabetes, renal failure or liver disease. *See e.g.* Center for Disease Control *available at* https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/people-at-higher-risk.html.

for Release (Doc. 63) is **DENIED** without prejudice to a renewed motion should the circumstances in the jail materially change.

**IT IS SO ORDERED.**

**DATED:   May 1, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**